214

## State Farm Mutual Automobile Insurance Company

v.

## Mary K. Clatterbuck and John Doe

Record No. 911406

September 18, 1992

Present: Carrico, C.J., Compton, Stephenson, Whiting, Lacy, Hassell, JJ.,
and Poff, Senior Justice

*John W. Zunka (Jane P. Long; Taylor & Zunka,* on briefs), for appellant.

*F. Guthrie Gordon, III (Janice L. Redinger; Gordon & Wyatt,* on brief), for appellee Mary K. Clatterbuck.

No brief or argument on behalf of John Doe.

PER CURIAM.

This appeal grows out of a dispute between an insurer and its insured concerning the scope of uninsured motorist (UM) coverage afforded by an automobile insurance policy.

The parties have stipulated the facts relevant to resolution of the appeal. State Farm Mutual Automobile Insurance Company (State Farm) issued Mary E. Clatterbuck (Clatterbuck) a policy providing liability, comprehensive physical damage, and uninsured motorist coverages on her Pontiac automobile. The insured vehicle was stolen by an unknown thief, damaged in an accident, and recovered by the owner. In response to Clatterbuck's claim under the comprehensive theft coverage clause of her policy, State Farm paid $4,408.44 for the cost of repairs and $522.42 for the expense of a rental car used while the Pontiac was being repaired.

Clatterbuck then filed a motion for judgment against "John Doe", alleging that, when her car was stolen and damaged, it was

being operated by an uninsured driver. Clatterbuck demanded $10,000 in compensatory damages for "repair, . . . loss of value . . . , loss of use of the vehicle, . . . [and] potential loss of the warranty" of the Pontiac and $100,000 in punitive damages for "the Defendant's willful, wanton and recklessness [sic] conduct." Served with process in that suit, State Farm filed a separate motion for declaratory judgment against Clatterbuck and John Doe, asking the court to declare that its "uninsured motorist coverage is inapplicable and . . . that State Farm is not obligated to pay any judgment which Mary K. Clatterbuck may obtain against 'John Doe'."

In a letter opinion the trial court ruled that

there is nothing in the statute or the policy that would preclude Ms. Clatterbuck from invoking uninsured motorist coverage. All of this assumes that she will be legally entitled to and be able to recover a monetary judgment from "John Doe" having already received payment for damage to her vehicle.

In a final declaratory judgment order, the court reaffirmed that ruling and dismissed the case from the docket. We awarded State Farm an appeal.

■ The dispositive issue framed by the parties requires an analysis of Clatterbuck's State Farm automobile insurance policy. In effect, the trial court concluded that an automobile involved in an accident can be both insured and uninsured against damages sustained in that accident and that the insured owner is entitled to a recovery under both types of coverage. In our view, such a conclusion was not within the contemplation of the contracting parties.

■ As stated on brief, Clatterbuck's sole argument in support of the trial court's ruling is that "[u]nder the uninsured motorist provisions of Clatterbuck's policy, an insured motor vehicle is defined as one 'registered in Virginia with respect to which the bodily injury and property damage liability coverage of the policy applies *but shall not include a vehicle while being used without the permission of the owner.*'" (Emphasis in original). Specifically, she contends that, "[a] thief is simply a non-permissive user, and . . . under the definitions of State Farm's own policy, a non-permissive user operating the vehicle makes it an uninsured vehicle during that period of time."

■ It is true that the UM coverage endorsement in State Farm's policy defines the term "insured motor vehicle" to exclude "a

vehicle while being used without the permission of the owner.'' However, Clatterbuck misconceives the purpose and effect of the exclusionary language. The definition of an ''insured'' contained in the UM coverage endorsement includes any person ''while occupying an insured motor vehicle.'' Obviously, the function of the exclusion is to disqualify a non-permissive user (such as a thief) as an insured for purposes of UM coverage.

■ Moreover, even if, as Clatterbuck seems to suggest, the effect of the exclusion is to make the Pontiac an *uninsured* motor vehicle for all purposes while it is being operated by a thief, she is not entitled to UM coverage for the damages she seeks because the very UM coverage endorsement she invokes defines the term ''property damage'' as ''injury to or destruction of . . . an *insured* motor vehicle [emphasis added].''

Accordingly, we will reverse the judgment entered below and enter final judgment declaring that Clatterbuck's automobile is not an uninsured motor vehicle within the contemplation of the parties to the insurance contract.

*Reversed and final judgment.*